# IN THE OREGON TAX COURT

Arthur R. KRAMERT

*v.*

## DEPARTMENT OF REVENUE

(TC 2975)

Plaintiff appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Defendant's Motion For Summary Judgment granted October 8, 1990.

**CARL N. BYERS, Judge.**

This matter is before the court on defendant's Motion For Summary Judgment. The court finds there is no dispute of material facts.

Plaintiff underpaid his estimated tax payments for 1988. Defendant assessed interest charges on the underpayment. ORS 316.587(1). Plaintiff appealed to defendant, contending that interest on the underpayment should be waived.

Defendant refused to waive the interest and plaintiff appealed to this court.

■ Plaintiff contends the underpayment was the result of receiving unanticipated amounts from his investment in a mutual fund. As a regulated investment company, the mutual fund can elect to treat money actually distributed in one year as if it were distributed the prior year. In turn, IRC § 852(b)(7)(A) deems such income to be received by the shareholder on December 31 of the prior year. Thus, plaintiff had to report a substantial amount as income received in 1988 which he did not actually receive until 1989.

Defendant argues that the court does not have jurisdiction to review orders "denying the discretionary waiver of penalty or interest by the department * * *." ORS 305.560(1). Plaintiff claims, however, that the interest was erroneously assessed. He reasons that, since he actually received the income in 1989, he did not have use of it during 1988. Since interest is charged for use of money, plaintiff concludes that if he did not have use of the income, no interest should be charged on the underpayment of the estimated tax.

■ The warm logic of plaintiff's position is rendered lifeless by the artificiality of the tax laws. Taxpayers often are charged with "income," such as recaptured depreciation, of which they have no use. Such phantom income is included in determining the required amount of estimated tax payments. Thus, receipt or use of income during the year is not the issue. The only issue is whether plaintiff underpaid the estimated tax. If so, then he had use of the money which should have been paid to defendant as an estimated payment. It is the use of that tax money for which interest is charged.

■ Plaintiff argues that it is ludicrous to expect him to accurately estimate his tax in view of the uncertainties surrounding his mutual fund income. However, ORS 316.587(8) provides three tests or options. If a taxpayer believes that the current year's tax will be less than last year, the taxpayer may pay an estimated tax that is less than last year's. However, this option places the risk on the taxpayer. If the current year's tax proves to be more than last year's, interest will be due on the underpayment. A taxpayer can avoid this risk by simply paying an estimated tax equal to 100 percent of the tax paid last year.

In view of the above, the court finds that defendant's Motion For Summary Judgment should be granted. Now, therefore,

IT IS HEREBY ORDERED that defendant's Motion For Summary Judgment is granted.

Costs to neither party.